The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 71601-2309
Dear Representative Milum:
This is in response to your request for an opinion regarding A.C.A. §14-56-413 and the territorial jurisdiction of a city having a planning commission. Subsections (a)(1)(A) and (b)(1) of § 14-56-413 are quoted in correspondence attached to your request. These subsections provide as follows:
 (a)(1)(A) The territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.
 (b)(1) The planning commission shall designate the area within the territorial jurisdiction for which it will prepare plans, ordinances, and regulations.
The following question is posed in this regard:
 There seems to be a conflict here, or does the city commission still have jurisdiction of the area within five (5) miles of the corporate limits and just chooses not to `prepare plans, ordinances and regulations'?
RESPONSE
It is my opinion that there is no conflict between these subsections.
Arkansas Code Annotated § 14-56-413(a)(1)(A) grants the city exclusive territorial jurisdiction for planning purposes, and this includes the five-mile extra-territorial area. The city is not required, however, to exercise its planning jurisdiction within the entire area. This, in effect, is recognized by A.C.A. § 14-56-413(b)(1), wherein it provides that the city "shall designate the area . . . for which it will prepare plans, ordinances, and regulations." There is thus a distinction between the grant of exclusive planning jurisdiction and the exercise of that jurisdiction. Accordingly, I perceive no conflict between subsections (a)(1)(A) and (b)(1) of § 14-56-413.
With regard to that part of your question concerning the city's jurisdiction over the five-mile area and its choice not to "prepare plans, ordinances, and regulations," it is my opinion, as discussed further below, that the city will have planning jurisdiction over the five-mile area if that area is included in the planning area map, regardless of whether or not the city has adopted plans for the area. In my opinion the city exercises its planning jurisdiction when, in preparing its planning area map, it designates the area within which it will prepare plans, ordinances, and regulations. As discussed below, however, the city is not required to prepare plans for the entire area encompassed by the map. Thus, the city may still have planning jurisdiction, that is, it may still be exercising its jurisdiction over the five-mile area, even though it has not prepared plans, ordinances, and regulations for the area. The planning area map must be referenced to determine whether the city is in fact exercising its extra-territorial jurisdiction.
My conclusion that the planning area map is determinative in this regard follows from my reading of several other provisions in Subchapter 4 of Chapter 56, Title 14, governing municipal planning. Of primary significance is Section 14-56-417(c) (Repl. 1998), which states as follows:
 Within the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map, the county recorder shall not accept any plat for record without the approval of the planning commission. [Emphasis added.]
The planning area map is thus determinative of whether plats may be recorded without the approval of the city planning commission. No mention is made of the city's adoption of plans for the area. Indeed, I have found no basis for the proposition that the city's "exercised extra-territorial jurisdiction"[1] depends upon the city's adoption of plans for the area. This makes sense, however, when it is recognized that the city is not required to prepare plans for the entire area designated on its planning area map. The "planning area map" is prepared pursuant to A.C.A. § 14-56-412 (Repl 1998). Subsections (c) and (d) of § 14-56-412
state in relevant part as follows:
 (c) PLANNING AREA MAP. The commission shall prepare and maintain a map showing the general location of streets, public ways, and public property and the boundaries of the area within the territorial jurisdiction for which it will prepare plans, ordinances, and regulations. The map shall be known as the planning area map.
 (d) PLANS OF AREA. Following preparation of the planning area map, the planning commission may prepare plans for all, or any portion of, the area encompassed by the map, which may consist of maps, plats, charts, diagrams, and necessary documents and descriptive matter. [Emphasis added.]
See also A.C.A. § 14-56-414 (stating that the city planning commission "may prepare and adopt" land use, community facilities, and master street plans").
It thus appears that the city may choose not to prepare plans for the entire planning area, and that the city's jurisdiction for purposes of plat approval will be recognized based upon the planning area map. I conclude, therefore, from these provisions, that the exclusivity of the territorial jurisdiction for municipal planning is not dependent upon the city's preparation of plans for the area. Rather, when the city prepares its planning area map, it "designate[s] the area within the territorial jurisdiction for which it will prepare plans . . .," (A.C.A. §14-56-413(b)(1), supra), and it thereby establishes the area within which it will exercise its planning jurisdiction. The city may then prepare plans for all or any portion of the area. Its "exercised extra-territorial jurisdiction" will be recognized based upon the planning area map.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] This phrase is derived from A.C.A. § 14-17-208(l) (Repl. 1998), which is part of the subchapter that governs county planning. In accordance with this provision, ". . . the county recorder shall not accept any plat in the unincorporated area of the county not within theexercised extra-territorial jurisdiction of a municipality, for record without the approval of the [county] planning board." (Emphasis added). This in essence is the County Code counterpart to A.C.A. § 14-56-417(c),supra, with respect to plat approval. The inverse of this provision is that the county recorder shall accept plats within the municipality's exercised extra-territorial jurisdiction without the approval of the county planning board. Section 14-56-417(c) will in that instance require the approval of the city planning commission.